IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKALHOMA

| | |
|---|---|
| ADRIAN CROSS,<br><br>            Plaintiff,<br><br>v.<br><br>ROB FRAZIER et al.,<br><br>            Defendants. | **REPORT & RECOMMENDATION GRANTING MOTION TO DISMISS AND REQUIRING SECOND AMENDED COMPLAINT**<br><br>Case No. 6:18-CV-81 DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Former inmate, Plaintiff Adrian Cross, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2019), proceeding *in forma pauperis*, *see* 28 *id.* § 1915. His Amended Complaint, (Doc. No. 25), is now before the Court on Defendant Cooper's Motion to Dismiss, (Doc. No. 29), and for screening, *see* 28 U.S.C.S. § 1915(e) (2019).[1]

## I. MOTION TO DISMISS

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a

---

[1] This matter is before the above entitled court pursuant to an out of district referral from United States District Judge Ronald A. White, from the Eastern District of Oklahoma, with the concurrence of the United States District Judge Robert J. Shelby from the District of Utah. (Doc. No. 38); *see* 28 U.S.C. § 636(f).

complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Amended Complaint alleges that Defendant Cooper was the doctor at Muskogee County Jail (MCJ), where Plaintiff was held for a period. Plaintiff alleges claims of inadequate medical treatment while he was held at MCJ.

### C. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation

of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Plaintiff does not identify behavior by Defendant Cooper that links him with any particularity to violation of Plaintiff's federal constitutional rights. Indeed, Plaintiff acknowledges that "he did not once see or speak to the medical provider Dr. William Cooper during his entire time at [MCJ]." (Doc. No. 25, at 2.) Accordingly, Defendant Cooper's Motion to Dismiss should be granted. (Doc. No.

## II. SCREENING ORDER

The Court now screens the remaining elements of the Amended Complaint, (Doc. No. 25), and orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing claims.[2]

---

[2] The screening statute reads:

>    (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

### A. Amended Complaint's Deficiencies

Amended Complaint:

(a) does not affirmatively link Defendants to civil-rights violations;

(b) appears to inappropriately allege civil-rights violations on a respondeat-superior theory;

(c) is perhaps supplemented with claims from letters and documents filed since the Complaint, which claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included;

(d) does not state a proper legal-access claim (see below);

(e) alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2018), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act";

(f) does not adequately state a claim of inadequate medical treatment (see below);

(g) appears to contain claims potentially based on state law--e.g., negligence--though there are no valid federal claims in the Complaint providing grounds for pendent jurisdiction; and

(h) evinces a misunderstanding of the elements of conditions-of-confinement claims (see below).

### B. Guidance for Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

5

Fourth, grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

### • Legal Access

As Plaintiff fashions his second amended complaint, he should also keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a claim for denial of legal access a plaintiff must allege not only inadequacy of the library or legal help but also "that the denial of legal resources hindered [Plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, Plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

### • Inadequate Medical Treatment

Because Plaintiff is apparently a pretrial detainee his inadequate-medical-treatment claim derives directly from the Fourteenth Amendment's due-process clause, not the Eighth Amendment's prohibition on cruel and unusual punishment. *Randall v. Bd. of County Comm'rs*, 184 F. App'x 723, 726 (10th Cir. 2006) (unpublished). As this court has previously recognized, however, the analysis is the same. *Christensen v. Burnham*, No. 2:18-CV-143-DB, 2019 U.S. Dist. LEXIS 45078, at *7-8 (D. Utah Mar. 18, 2019) (citing *Frohmader v. Wayne*, 958 F.2d 1024, 1028) (10th Cir. 1992).

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

- **Conditions-of-Confinement Cause of Action**

A pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, jail employees may expose pretrial detainees "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id*. at 536-37. Accordingly, the court "must ask whether an expressed intent to punish on the part of detention facility officials exists. If so, liability may attach. If not, a plaintiff may still prove unconstitutional punishment by showing that the restriction [or condition] in question bears no reasonable relationship to any legitimate governmental objective." *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013) (citation and internal quotation marks omitted).

8

"Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. Thus, "the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id.* These decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* n.23 (internal quotation marks omitted).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

(1) Defendant Cooper's Motion to Dismiss is **GRANTED**. (Doc. No. 29.)

(2) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above.

(3) The Clerk's Office for the Eastern District of Oklahoma shall mail Plaintiff a form habeas petition for Plaintiff to use should he choose to file an amended petition.

(4) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

The Clerk's Office is directed to mail a copy of this Report and Recommendation to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of receiving a copy, Plaintiff may file his written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). A failure to do so may constitute waiver of objections upon subsequent review.

DATED this 9th day of April, 2019.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge