# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ADRIAN CROSS,** | **ORDER ADOPTING & AFFIRMING** |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| v. | Case No. 6:18cv81DAK-DBP |
| **ROB FRAZIER, ET AL.,** | **Judge Dale A. Kimball** |
| Defendants. | **Magistrate Judge Dustin B. Pead** |

This case was assigned to United States District Judge Dale A. Kimball, who referred it to United States Magistrate Judge Dustin Pead under 28 U.S.C. § 636(b)(1)(B). On April 9, 2019, Magistrate Judge Pead issued a Report and Recommendation concluding that: (1) Defendant Cooper's pending Motion to Dismiss the Amended Complaint (Dkt No. 29) be granted; and (2) Plaintiff's Amended Complaint (Dkt. No. 25) is deficient under the court's 28 U.S.C. § 1915 screening review and Plaintiff should filed an Amended Complaint within thirty days to cure those deficiencies.

The Report and Recommendation notified Plaintiff to file any objection to the Report and Recommendation within fourteen days of receiving it. On April 16, 2019, Plaintiff filed an Objection to Report and Recommendation and Supporting Affidavit as well as a Motion to Amend Petition.

Plaintiff objects to the Report and Recommendation's finding that Plaintiff had not alleged an affirmative link between Dr. Cooper and his federal civil rights claim for inadequate medical treatment. Although Plaintiff alleged that he did not once see or speak to Dr. Cooper

while he was at Muskogee County Jail, Plaintiff points out that the Amended Complaint does allege that a nurse stated that Dr. Cooper ordered Plaintiff's blood thinners to be discontinued, pending another blood test. Plaintiff argues that this allegation shows that Dr. Cooper was involved in Plaintiff's medical treatment. However, the allegation does not link Dr. Cooper to a claim of inadequate medical treatment. The Amended Complaint alleges that Dr. Cooper discontinued the blood thinners because Plaintiff's blood was extremely thin and he was at risk of internal bleeding. The Amended Complaint then states that a nurse erroneously restarted the blood thinners before his blood was retested. The only allegation against Dr. Cooper, therefore, alleges adequate medical treatment, not inadequate medical treatment. As explained in the Report and Recommendation, Plaintiff may not name an individual as a defendant based solely on supervisory status. The facts alleged do not plausibly support a claim against Dr. Cooper for a violation of Plaintiff's constitutional rights. Because Plaintiff's Amended Complaint fails to state a federal civil rights claim against Dr. Cooper, Magistrate Judge Pead correctly concluded that Dr. Cooper's Motion to Dismiss should be granted.

In response to the Report and Recommendation, Plaintiff also filed a Motion to Amend Petition. Plaintiff did not specifically object to the Report and Recommendation's findings of deficiencies in the Amended Complaint. The Motion to Amend appears to be a concession that the Report and Recommendation was correct. The court will allow the Magistrate Judge to determine whether the proposed Amended Complaint cures the deficiencies of the prior Amended Complaint.

The court hereby adopts and affirms the Report and Recommendation as the Order of the court. Accordingly, (1) Defendant Cooper's pending Motion to Dismiss the Amended Complaint (Dkt No. 29) is granted; and (2) Plaintiff's Amended Complaint (Dkt. No. 25) is deficient under

the court's 28 U.S.C. § 1915 screening review. The Magistrate Judge will determine whether Plaintiff's Motion to Amend Petition (Dkt. No. 42) cures the deficiencies of the prior Amended Complaint under the court's 28 U.S.C. § 1915 screening review.

DATED this 22nd day of April, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge