# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN CROSS,<br><br>        Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH CLINICS, LLC, ROB FRAZIER, JEREMY GARVIN, TERRY FREEMAN, and WILLIAM COOPER,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 6:18-cv-081-DAK-DBP<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Adrian Cross's Motion for Certificate of Interlocutory Appeal based on this court's March 2, 2020 Order granting Defendants William Cooper ("Dr. Cooper") and Turn Key Health Clinics, LLC's ("Turn Key") Motions to Dismiss.[1] Plaintiff has filed a Notice of Appeal to the Tenth Circuit, and the Tenth Circuit directed him to obtain an order entering final judgment or a Rule 54(b) certification from this court. The court does not believe that a hearing would aid in its determination of Plaintiff's motion.

In a case involving multiple claims and counterclaims, Rule 54(b) allows a court to direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed. R. Civ. P. 54(b). Accordingly, an analysis of whether Rule 54(b) certification is appropriate requires the court: (1) to determine that the order to be certified is a

---

[1] This case is before this court pursuant to an out of district referral from United States District Judge Ronald A. White of the Eastern District of Oklahoma with the concurrence of the United States District Court Chief Judge Robert J. Shelby.

final judgment; and (2) to find there is no just reason to delay appellate review of the order until the conclusion of the entire case. *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001); *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir. 1988).

In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court should consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). The separability requirement must be satisfied in order for the judgment to be considered "final." *Old Republic Ins. Co. v. Durango Air Serv., Inc.,* 283 F.3d 1222, 1225 (10th Cir. 2002); *see also Oklahoma Turnpike Auth.,* 259 F.3d at 1243.

Here, the court concludes that the separability requirement cannot be satisfied. There is significant factual overlap that exists between the dismissed claims against Dr. Cooper and Turn Key and the remaining claims against Defendants Terry Freeman, Rob Frazier, and Jeremy Garvin (collectively, the "Remaining Defendants"). Indeed, the claims against the Remaining Defendants are based almost entirely on the claims asserted against Dr. Cooper and Turn Key. Thus, given that the adjudicated claims and the remaining claims are substantially intertwined and premised on the same set of facts, the separability requirement has not been satisfied. Furthermore, in weighing the overall policy against piecemeal appeals against the exigencies of the case, the court believes that few exigencies are present, if at all. The court therefore DENIES Plaintiff's Motion for Certificate of Interlocutory Appeal [Docket No. 111].

DATED this 7th day of April, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge