# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN CROSS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROB FRAZIER, ET AL.,<br><br>　　　　　Defendants. | ORDER ADOPTING & AFFIRMING REPORT & RECOMMENDATION<br><br>Case No. 6:18-CV-81-DAK-DBP<br><br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

　　　　This case was assigned to United States District Judge Dale A. Kimball, who referred it to United States Magistrate Judge Dustin Pead under 28 U.S.C. § 636(b)(1)(B). On July 6, 2020, Magistrate Judge Pead issued a Report and Recommendation recommending that (1) Defendants Jeremy Garvin, Sheriff Rob Frazier, and Sheriff Terry Freeman's Motion for Judgment on the Pleadings [ECF No. 108] be granted, (2) Plaintiff Adrian Cross' Motion to Supplement or Amend [ECF No. 123] and Motion to Appoint Counsel [ECF No. 130] be denied, (3) Defendants' motions to strike the fourth amended complaint [ECF Nos. 132, 135] be granted, (4) Defendants' Motion to Strike Declaration of Loretta Cross [ECF No. 138] be denied.

　　　　The Report and Recommendation notified Plaintiff to file any objection to the Report and Recommendation within fourteen days of receiving it. On July 22, 2020, Plaintiff filed an objection to Report and Recommendation.

　　　　Plaintiff objects to the Report and Recommendation's conclusions that Plaintiff did not sufficiently allege his causes of action and that the his proposed amendments would not have

cured the deficiencies.  However, Magistrate Judge Pead correctly analyzed the issues. Plaintiff's alleged facts do not plausibly support claims for violations of Plaintiff's constitutional rights.  Plaintiff does not allege adequate participation by Garvin and Frazier to state a viable § 1983 claim against them.  In addition, Plaintiff fails to allege facts demonstrating supervisory liability.  Even assuming that Plaintiff could demonstrate personal participation by Garvin and Frazier, the doctrine of qualified immunity would bar Plaintiff's claims.  Plaintiff also fails to state a plausible claims against Sheriff Freeman in his official capacity.  None of his allegations are tied to a County or Sheriff's Office custom or policy.  Moreover, he does not provide sufficient facts to show a link between such a policy and his injuries.  Plaintiff also fails to plead the objective and subjective criteria for a deliberate indifference claim.  Plaintiff's proposed amended complaint also fails to cure these deficiencies.  The court also concludes that there are no grounds for supplemental claims.  The court has given Plaintiff several opportunities to cure his pleadings and he has not been able to do so.  Accordingly, the court agrees with Magistrate Judge Pead's recommendations.

The court hereby adopts and affirms the Report and Recommendation as the Order of the court.  Accordingly, (1) Defendants Jeremy Garvin, Sheriff Rob Frazier, and Sheriff Terry Freeman's Motion for Judgment on the Pleadings [ECF No. 108] is GRANTED, (2) Plaintiff Adrian Cross' Motion to Supplement or Amend [ECF No. 123] and Motion to Appoint Counsel [ECF No. 130] is DENIED, (3) Defendants' motions to strike the fourth amended complaint [ECF Nos. 132, 135] are GRANTED, (4) Defendants' Motion to Strike Declaration of Loretta Cross [ECF No. 138] is DENIED.

DATED this 29th day of July, 2020.

                        BY THE COURT:

                        DALE A. KIMBALL
                        United States District Judge